IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas A. Fink <br> Debtor(s) | CHAPTER 13 |
| FREEDOM MORTGAGE CORPORATION <br> Movant <br> vs. <br> Thomas A. Fink <br> Debtor(s) | NO. 19-12720 MDC |
| William C. Miller Esq. <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,458.81**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2021 through February 2021 at $1,250.26/month |
| Suspense Balance: | ($41.71) |
| **Total Post-Petition Arrears** | **$2,458.81** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) Debtor and Secured Creditor have agreed to a forbearance agreement for the payments due for the months of January 1, 2021 through June 1, 2021 which may be subject to extension upon mutual agreement or applicable law. Upon the expiration of the forbearance period on June 30, 2021, or as may be extended, Debtor shall make arrangements with Secured Creditor to address the payments covered by the forbearance period along with the above-listed arrears.

b) Regular post-petition payments shall resume on July 1, 2021 or upon the expiration of the forbearance period, whichever is later.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. If the parties do not reach an agreement regarding the payments covered by the forbearance period within THIRTY (30) days of the expiration of the initial or extended forbearance period, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within THIRTY (30) days of the date of said notice. If Debtor(s) should fail to cure the default within THIRTY (30) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. In the event the payments under Section 2(e) above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within THIRTY (30) days of the date of said notice. If Debtor should fail to cure the default within THIRTY (30) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: 2/8/2021

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz Esq.
Attorney for Movant

Date: 2/9/2021

Michael P. Kelly Esq.
Attorney for Debtor(s)

No Objection
/s/ LeeAne O. Huggins  Febuary 15, 2021
William C. Miller, Chapter 13 Standing Trustee

Approved by the Court this 17th day of _____February_____, 2021. However, the court retains discretion regarding entry of any further order.

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE